

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Z. D. Allen
District Attorney
Wichita Falls, Texas

Dear Sir:                    Attention: Elmer H. Parish

                             Opinion No. O-2016
                             Re: Under the circumstances,
                                 should Carver be prosecuted
                                 for a felony or misdemeanor?

        We have received your letter requesting the opinion
of this department upon the above stated question. For
factual background of your request, we quote from your let-
ter as follows:

        " ****. Two men by the name of Morelock
        and Sauls stole mercury out of meters on oil
        wells located in Galveston, County, Texas.
        These wells were located on two separate
        leases on property owned by two separate
        individuals. The leases were also owned by
        different persons. After stealing this mer-
        cury, Morelock and Sauls came to Wichita
        Falls and sold it to M. E. Carver, who we
        have reason to believe knew that it was
        stolen property. The total value of the
        mercury turned over to Carver was over $50.00,
        but the value stolen from any one individual
        did not amount to $50.00.

        "Question:

        "Should Carver be prosecuted for a felony
or misdemeanor?"

        Article 1430 of the Penal Code of Texas provides:

        "Whoever shall receive or conceal prop-
erty which has been acquired by another in
such manner as that the acquisition comes

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

within the meaning of the term theft, know-
ing the same to have been so acquired, shall
be punished in the same manner as if he had
stolen the property."

Article 1421 of the Penal Code of Texas provides:

"Theft of property of the value of fifty
dollars or over shall be punished by confine-
ment in the penitentiary not less than two
nor more than ten years."

The offense of theft of property and receiving
or concealing the same property are entirely separate and
distinct offenses. Kaufman v. State, 70 Cr. R. 438, 159
S. W. 58; Clark v. State, 81 Cr. R. 157, 194 S. W. 157;
Snider v. State, 119 Cr. R. 635, 44 S. W. (2d) 997. To
constitute the offense of receiving or concealing stolen
property, it is not necessary that the defendant know from
whom the property was stolen. The gravamen of the offense
is the receiving and concealing of the property knowing it
to have been stolen. Pannell v. State, 121 Cr. R. 515, 51
S. W. (2d) 398.

We assume from your letter that Carver received
all of the mercury, which is valued in excess of $50.00,
all the same time. The aggregate value of the stolen prop-
erty received or concealed determines the grade of the of-
fense. Brussell v. State, 265 S. W. 164. The fact that
the mercury was stolen from two separate leases and that
the leases were owned by two separate persons, does not
reduce the grade of the offense. Theft of property of the
value of $50.00 or more is made a felony, and receiving or
concealing stolen property of the value of $50.00 or more
is likewise made a felony. Articles 1421 and 1430 of the
Penal Code.

In view of the foregoing authorities, you are
respectfully advised that is is the opinion of this depart-
ment that if Carver received all of the mercury, which is
valued at $50.00 or more, in the same transaction, knowing
it to have been stolen, he should be prosecuted for a felony.

Trusting that the foregoing satisfactorily disposes

Honorable Z. D. Allen, page 3


of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /s/
         D. Burle Daviss
              Assistant

DBD:RS


APPROVED AUG 9, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
By /s/ B. W. B.
        Chairman
